UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WHITTAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV108 SNLJ |
| | ) | |
| AMERICA'S CAR-MART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an employment discrimination case alleging discrimination on the basis of disability and retaliation. Plaintiff Joseph Whittaker claims that defendant America's Car-Mart, Inc. terminated his employment because of his disability and, in retaliation for the charge of discrimination, threatened to terminate business with other entities if those entities employ plaintiff. This matter is before the Court on the defendant's motion to strike plaintiff's first amended complaint, or in the alternative, motion to dismiss count I of the first amended complaint. Plaintiff has not filed a response and the time for doing so has expired. For the reasons stated herein, the Court will deny the motions.

**I.      Motion to Strike Plaintiff's First Amended Complaint**

Plaintiff filed his complaint on July 19, 2013 stating a single claim of employment discrimination alleging he was terminated because of his severe obesity. On October 21, 2013, this Court entered a Case Management Order that stated, in pertinent part, "[a]ll motions for joinder of additional parties or amendment of pleadings shall be filed no later

than December 9, 2013." On December 9, 2013, plaintiff filed a motion for extension of time requesting an extension to January 9, 2014 "to file plaintiff's amended complaint." Plaintiff's motion stated that defendant's attorney had no objection to the requested extension. The Court granted the motion. On January 9, 2014, plaintiff filed his first amended complaint

Defendant argues that plaintiff's amended complaint was filed without defendant's consent and without leave of court and requests that it be stricken. Defendant asserts that it consented only to an extension of the deadline in the case management order with regard to filing motions for joinder of additional parties or amendment of pleadings. The motion filed by plaintiff, however, did not merely seek an extension of that deadline. Instead, plaintiff's motion clearly requested leave to file an amended complaint by January 9, 2014.

Further, plaintiff's motion pled grounds for leave to file an amended complaint. Specifically, in his motion, plaintiff alleged that he had filed a joint charge of retaliation with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights and that he had received the right to sue notice from MCHR but had not yet received the right to sue notice from the EEOC. It is clear that plaintiff's motion sought leave to file an amended complaint adding a charge of discrimination based on retaliation. This Court granted the motion, thereby granting plaintiff leave to file an amended complaint. Defendant's motion to strike the amended complaint is denied.

## II. Motion to Dismiss

### A. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

### B. Background

In his complaint, plaintiff alleges he has a disability within the meaning of the Americans with Disabilities Act in that he suffers from severe obesity, which he alleges is a physical impairment under the ADA. Further, plaintiff alleges that defendant regarded him as having such impairment and as being substantially limited in a major life activity, walking, as a result of his obesity. Plaintiff was able to perform the essential functions of his position with or without accommodation. Plaintiff began working for

defendant in August 2005 and was discharged from his position as General Manager on November 1, 2012. Plaintiff alleges that he was discharged because of his disability.

C. Discussion

Defendant seeks dismissal of count I of plaintiff's amended complaint stating a claim for employment discrimination based on disability. Defendant contends that plaintiff's alleged disability, severe obesity, is not an actual disability under the ADA unless it is related to an underlying physiological disorder or condition and that plaintiff fails to allege that his obesity is related to an underlying physiological disorder or condition.[1] As a result, defendant argues that count I fails to state a claim. For this motion, this Court determines whether plaintiff's claim is facially plausible. The Court notes that defendant relies on case law construing disability based on the more restrictive approach that was applied before Congress passed the Americans with Disabilities Amendments Act of 2008 (ADAAA), which became effective on January 1, 2009. Pub.L. No. 110–325, § 8, 122 Stat. 3553, 3559 (2008). Further, defendant's reliance on the statement in the EEOC's Interpretive Guidance, 29 C.F.R. pt. 1630 app. § 1630.2(j) (2008), that "except in rare circumstances, obesity is not considered a disabling impairment" is misplaced as that language has been omitted following the ADAAA.

---

[1] Contrary to plaintiff's position, the EEOC has taken the position that severe obesity is a disability under the ADA and does not require proof of a physiological basis and at least one district court has agreed. *See E.E.O.C. v. Resources for Human Development, Inc.*, 827 F.Supp.2d 688, 693-94 (E.D. La. 2011). In *E.E.O.C. v. Resources for Human Development, Inc.*, the EEOC cited to the ADA compliance manual, which stated: "Being overweight, in and of itself, is not generally an impairment . . . . On the other hand, severe obesity, which has been defined as body weight more than 100% over the norm, is clearly an impairment." *Id.* (citing EEOC Compliance Guidelines § 902.2(c)(5)).

In the ADAAA, Congress rejected the unduly restrictive approach established by the Supreme Court in *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198 (2002), for analyzing whether a plaintiff suffers from a disability for purposes of the ADA. *See* Pub.L. No. 110–325, § 2(b)(5), 122 Stat. 3553, 3554. As a result, Congress mandated in the ADAAA that the definition of disability be construed "in favor of broad coverage of individuals . . . to the maximum extent permitted" by the law. 42 U.S.C. § 12102(4)(A).

Under the ADA, as amended by the ADAAA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; (C) being regarded as having such as impairment . . . ." 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g). This Court finds that plaintiff's pleading is sufficient to give rise to an inference that he is disabled within the meaning of the ADA. Specifically, plaintiff pleads that he has severe obesity, which he alleges is a physical impairment within the meaning of the ADA. Further, he pleads defendant regarded him as having such impairment and regarded him as being substantially limited in one or more major life activities, including, but not limited to, walking, as a result of his obesity. "Based on the substantial expansion of the ADA by the ADAAA, defendant's assertion that plaintiff's weight cannot be considered a disability is misplaced." *Lowe v. American Eurocopter, LLC.*, 1:10CV24-A-D, 2010 WL 5232523, at *8 (N.D. Miss. Dec. 16, 2010). "Whether or not plaintiff can in fact *prove* that [his] weight rises to the level of a disability under the ADA is not at issue here, as a

motion to dismiss is not the proper method for evaluating the merits of plaintiff's specific assertions." *Id.* (emphasis in original).

Plaintiff sufficiently alleges a factual basis from which inferences supporting the legal conclusion that he is disabled within the meaning of the ADA may be drawn. Therefore, defendants' motion to dismiss will be denied.

## IV. Conclusion

In sum, on defendant's motion to strike plaintiff's first amended complaint, this Court finds that plaintiff sought and was granted leave to file his amended complaint. As to defendant's motion to dismiss count I for failure to plead a disability under the ADA, this Court finds that plaintiff has sufficiently pled a claim that he is disabled within the meaning of the ADA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike plaintiff's first amended complaint, or in the alternative, motion to dismiss count I of the first amended complaint (ECF # 16) is **DENIED**.

Dated this 24th day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE